On petitioner's motion for Workers' Compensation Board to
serve parties with copies of exhibits filed January 27,
motion denied March 29, 1982

In the Matter of the Compensation
of Margaret Parkinson, Claimant.

PARKINSON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 79-09004, CA A23039)

642 P2d 700

Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary &
Conboy, Portland, for the motion.

Jan Peter Londahl, Assistant Attorney General, Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Contra.

Before Joseph, Chief Judge, and Thornton, Warden and Young, Judges.

JOSEPH, C. J.

**JOSEPH, C. J.**

In this Workers' Compensation case, claimant has initiated judicial review. ORS 656.295(3) provides:

> "When review has been requested, the record of such oral proceedings at the hearings before the referee as may be necessary for purposes of the review shall be transcribed at the expense of the board. All copies shall be certified to be true and correct by the referee. Copies of any exhibits which can be conveniently duplicated shall be furnished to the parties in interest along with a copy of the transcribed record."

The Workers' Compensation Board has supplied the parties a transcript of the oral proceedings before the referee, but it has not supplied copies of the exhibits. Claimant has moved for an order directing the Board to comply with the last sentence of the quoted statute.[1]

Counsel for the Board has responded by citing OAR 436-83-400(3):

> "As soon as practicable and not less than 10 days prior to the hearing each party shall file with the assigned referee and provide all other parties with legible copies of all medical reports and all other documentary evidence upon which the parties will rely except that evidence offered solely for impeachment need not be so filed and provided."

We are also told: "The rule generally expresses the judgment that exhibits can no longer be 'conveniently duplicated' by the Board itself."

■ We have great difficulty in comprehending that a rule dealing with pre-hearing exchange of exhibits and reports eliminates the Board's statutory duty in connection with judicial review. We do understand, however, that the Board has determined that "conveniently duplicated" relates to the administrative, budgetary or other "convenience" of the Board itself. We believe it clear on the face of the statute that the term relates to the nature of the exhibits involved, and nothing has been shown us that would indicate that the exhibits here cannot be conveniently copied by available technical means.

---

[1] No issue is raised as to the Board's compliance with ORS 656.298(5).

■        Nonetheless, claimant has pointed to no provision of law that would authorize this court, on motion, to compel the Board to perform its statutory duty. The action of the Board does not impair the jurisdiction of this court so as to bring to bear ORS 1.160,[2] the so-called "all writs" provision. Clearly, claimant has not sought a determination under ORS 183.400(1) or (2)[3] or ORS 183.410,[4] and we find nothing in ORS chapter 656 which would authorize us to allow the motion. Counsel for the Board suggests that the Board arguably may have committed procedural error, which could be raised on judicial review under ORS 183.482(7), but that is not before us at this time.

Motion denied.

---

[2] ORS 1.160 provides:

"When jurisdiction is, by the Constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

[3] ORS 183.400(1),(2) provides:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"(2) The validity of any applicable rule may also be determined by a court, upon review of an order in any manner provided by law or pursuant to ORS 183.480 or upon enforcement of such rule or order in the manner provided by law."

[4] ORS 183.410 provides in part:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. * * *"